UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDI-WEIGHTLOSS FRANCHISING
USA, LLC, and MEDI IP, LLC,

    Plaintiffs,

v.

LAS COLINAS MEDI WEIGHTLOSS
CLINICS, LLC, SOUTHLAKE MEDI
WEIGHTLOSS CLINICS, LLC,
MONTGOMERY MAX GREEN, and
AMITY SMITH MATTEI, M.D.,

    Defendants.
_____/

CASE NO.: 8:13-cv-990-T-23TBM
(Consolidated)

## **ORDER**

On September 9, 2013, Magistrate Judge McCoun issued a report (Doc. 62) that recommends granting the plaintiffs' motion for preliminary injunction. The parties assert no objection. Magistrate Judge McCoun's report and recommendation is thorough and well-reasoned. Consequently, the report and recommendation (Doc. 62) is **ADOPTED**, the plaintiffs' motion for preliminary injunction (Doc. 42) is **GRANTED**, and each defendant (and anyone acting in concert or participation with each defendant) is **PRELIMINARILY ENJOINED** as follows:

    (1) Each defendant must not violate the non-competition, non-disclosure, and confidentiality provisions of the parties' written agreements;

(2) Each defendant must not engage in a competitive business, as defined in the parties' written agreements, either at the defendant's current location or at any location within twenty-five miles of a Medi-Weightloss clinic;

(3) Each defendant must not operate or conduct a business in a manner likely to suggest to the general public an affiliation between the defendant and the plaintiffs;

(4) Each defendant must not use, disclose, or publish the Medi-System, the Medi-Program, or the Medi-Products, including the plaintiffs' patient handouts, intake forms, cholesterol sheets, bariatric physical forms, consent forms, and HIPAA forms;

(5) Each defendant must not use, disclose, or publish any of the plaintiffs' confidential information as defined in the parties' written agreements;

(6) Each defendant must not use or display any of the plaintiffs' marks, signs, slogans, logos, advertising materials, forms, products, or items bearing the plaintiffs' marks, including the marks described in the verified consolidated complaint (Doc. 48 at ¶¶ 13-14);

(7) In accord with the immediately preceding paragraph (6), each defendant must not use the plaintiff's marks in a manner likely to suggest to the general public an affiliation between the defendant and the plaintiffs;

(8) Each defendant must not use, disclose, or publish the plaintiffs' intellectual property, trade secrets, or proprietary business information, including the Advantage System, the Medi-Program, and the Medi-System and the know-how related to the use of the Advantage System, the Medi-Program, and the Medi-System;

(9) The defendant Amity Smith Mattei, M.D., must notify her patients of this injunction and the availability of other Medi-Weightloss clinics in the region to which Mattei's patients may transfer their patronage; and

(10) No later than October 18, 2013, each defendant must transfer to the plaintiffs the former telephone and fax numbers of the Southlake Clinic and the Las Colinas Clinic.

No later than **October 18, 2013**, each defendant must either (1) return to the plaintiffs any documents and information pertaining to the plaintiffs' products and services or (2) destroy the documents and information.  No later than **October 22, 2013**, each defendant must file with the court a sworn affidavit affirming that the defendant either returned the documents and information or that the defendant destroyed the documents and information.

The plaintiffs must forthwith post a bond of $10,000.

ORDERED in Tampa, Florida, on October 4, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE